UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

NANCY JEAN SIEGEL,

Defendant.

Crim. Action No. TDC-03-0393

**MEMORANDUM ORDER**

Pending before the Court is Defendant Nancy Jean Siegel's Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On April 23, 2009, the Court (Davis, J.) sentenced Siegel to a total of 400 months of imprisonment on her convictions for one count of witness tampering murder, in violation of 18 U.S.C. § 1512(a)(1)(C); seven counts of theft of government property, in violation of 18 U.S.C. § 641; six counts of bank fraud, in violation of 18 U.S.C. § 1344; two counts of fraudulent use of means of identification, in violation of 18 U.S.C. § 1028(a)(7); two counts of mail fraud, in violation of 18 U.S.C. § 1341; and two counts of wire fraud, in violation of 18 U.S.C. § 1343. Siegel is presently designated to the Federal Correctional Institution-Hazelton in Bruceton Mills, West Virginia ("FCI-Hazelton"). Having served approximately 17 years and seven months of her total sentence of 33 years and four months, Siegel is currently scheduled to be released on January 7, 2032.

In her Motion, Siegel seeks a reduction of her sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to her in light of her age and various medical conditions. The Government opposes the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Siegel has exhausted administrative remedies such that the Court may consider her claim on the merits.

Siegel argues that the COVID-19 pandemic and her specific vulnerability to COVID-19 based on age and medical conditions present "extraordinary and compelling reasons" that warrant

2

a reduction in her sentence to time served. The Court agrees that if an inmate is at high risk for death or serious illness from COVID-19 based on age, medical conditions, or other factors, and the inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19, there could be "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that would justify a reduced sentence or release.

Siegel is presently 72 years old and has a variety of medical conditions, including chronic kidney disease, Type II diabetes, coronary artery disease, and hypertension (high blood pressure). According to the Centers for Disease Control and Prevention ("CDC"), individuals with chronic kidney disease, Type II diabetes, or coronary artery disease are at increased risk for severe illness from COVID-19. *See* People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Mar. 13, 2021). Individuals with hypertension "might" be at increased risk for severe illness from COVID-19. *Id.* Even if Siegel's conditions are generally under control, when these conditions are considered together along with her advanced age, Siegel is certainly an individual at high risk for severe illness from COVID-19.

During the course of the COVID-19 pandemic, FCI-Hazelton has had a substantial number of positive cases. Historically, there have been 146 inmates and 73 staff members who had COVID-19 and have now recovered. https://www.bop.gov/coronavirus/ (last visited Mar. 13, 2021). At the present time, there are three inmates and four staff members with active cases. *Id.* One FCI-Hazelton inmate has died from COVID-19. *Id.* Thus, although the incidence of COVID-19 at FCI-Hazelton is presently reduced, the combination of Siegel's age and high-risk medical conditions, along with the ongoing presence of COVID-19 in the prison, could satisfy the requirement of "extraordinary and compelling reasons" in order to consider whether

compassionate release should be granted. *See* 18 U.S.C. § 3582(c)(1)(A). The Court notes, however, that these reasons are tempered in part by the facts that Siegel has already contracted COVID-19 and recovered, that FCI-Hazelton has now provided vaccinations to its inmates, and that Siegel declined to accept vaccination.

A reduced sentence or release based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

Here, the original 400-month sentence, though above the applicable range under the United States Sentencing Guidelines, was warranted based on the egregious facts of this case, particularly Siegel's brutal murder in 1996 of an elderly man, Jack Watkins, and her callous disposal of his body. Siegel had fraudulently taken control of Watkins's financial assets, isolated him from his social contacts, sought to have him committed to a psychiatric hospital in order to keep him from revealing the fraud, and finally murdered him to avoid the detection of her long history of fraud against Watkins and a series of other individuals with whom she developed romantic relationships in order to take control of their assets. The heinous nature of the murder of Watkins is illustrated by the victim impact statements provided by Watkins's family members, whose pain and loss remain acute even decades after the crime. In light of the nature and circumstances of the offenses, particularly the murder of Watkins, and Siegel's history and characteristics, which include a decades-long history of engaging in massive fraud with severe

financial consequences for multiple victims, the Court finds that release from prison now, after Siegel has served only approximately 53 percent of her sentence, would be inconsistent with the sentencing factors in 18 U.S.C. § 3553(a), particularly the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to provide deterrence to others.  Where the health risks are likely declining because FCI-Hazelton is now vaccinating inmates, and where Siegel has refused to accept vaccination, a more direct means of protecting herself from COVID-19 than full release from prison, the Court finds that release at this time is not warranted under 18 U.S.C. § 3582(c)(1)(A).  The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Siegel's Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 173, is DENIED.


Date:  March 15, 2021               /s/ *Theodore D. Chuang*
                                    THEODORE D. CHUANG
                                    United States District Judge